UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WESLIE MARTIN, <br><br> Plaintiff, <br> v. <br> ESQUIVEL, et al., <br><br> Defendants. | Case No. 3:23-cv-00236-ART-CLB <br><br> ORDER |

In June 2023, Plaintiff Weslie Martin ("Plaintiff"), then an inmate in the custody of the Nevada Department of Corrections ("NDOC"), initiated this lawsuit by submitting a civil rights complaint under 42 U.S.C. § 1983 and filing an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) The Court screened Plaintiff's complaint, allowing both his First Amendment retaliation claim and his Eighth Amendment conditions of confinement claim to proceed against Defendants Esquivel, Arziga, Sharp, Rubio, and Stubbs. (ECF No. 7 at 9.) The Court then stayed the case and referred it to the Inmate Early Mediation Program. (*Id.* at 11–10.)

During the stay, the NDOC filed a suggestion of death on the docket, informing the Court that Plaintiff passed away on September 11, 2023. (ECF No. 12.) The Court ordered that any motion for substitution be filed within 90 days and warned that the failure to do so could result in dismissal of this case. (ECF No. 15.) Following the 90-day period, on January 18, 2024, the Court had not received a motion to substitute, so it dismissed this action and closed it. (ECF No. 17.)

On October 18, 2024, Denzel Hosea Martin ("Denzel"), through counsel, filed a Motion to Set Aside Judgment Pursuant to Rule 60(b) and a Motion for

1

Substitution Pursuant to Rule 25(a)(1).[1] (ECF Nos. 24, 25.) Denzel states that he is Plaintiff's brother and the special administrator of Plaintiff's estate. (ECF No. 24 at 2.) He learned about Plaintiff's death on February 15, 2024, when the Ninth Circuit served him a notice of death from another of Plaintiff's cases before this Court. (*Id.* at 3.) After learning about Plaintiff's death, it took Denzel two months to secure counsel. (*Id.*) A few months later, Denzel filed the petition in state court requesting that he be named the special administrator of Plaintiff's estate. (*Id.*) On August 1, 2024, the state court granted the petition and named Denzel as the special administrator of his brother's estate. (*Id.*) Once the appointment was finalized, Denzel started to make substitution motions in the active cases Plaintiff had before he died. (*Id.*)

In his motions, Denzel requests that the Court: (1) reopen the case, (2) amend the caption of the case to name him as the plaintiff, and (3) allow him to pursue the claim(s) pending in this matter. (*Id.* at 2, 6.)

**I.    DISCUSSION**

Denzel is asking this Court to set aside its judgment dismissing this action without prejudice under Federal Rule of Civil Procedure 60(b)(1). This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the

---

[1] Other than Letters of Special Administration attached as an exhibit to the motion for substitution (ECF No. 25-1), these motions are identical. (ECF Nos. 24, 25.) Therefore, the Court will cite to the first motion in this order when referencing them.

2

opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

1.  **Prejudice to the Opposing Party**

To be prejudicial, the "standard is whether [Defendants'] ability to pursue [their defenses] will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The loss of a quick victory does not constitute prejudice. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

The Court finds that this factor weighs in favor of setting aside its prior judgment. The case was in the preservice screening stage and was going to the Inmate Early Mediation Conference. Therefore, the danger of prejudice to the opposing party is low because the opposing party had not yet been served.

2.  **Length of Delay**

Next, the Court considers whether Denzel's neglect caused significant delay and its impact on the proceedings. *Pioneer*, 507 U.S. at 395. The Court finds that this factor weighs against setting aside the judgment. The Court closed the case in January 2024. Denzel filed his motions ten months later.

3.  **Reason of the Delay**

Next, the Court considers whether Denzel's neglect caused significant delay and its impact on the proceedings. *Pioneer*, 507 U.S. at 395. When assessing the reason for the delay, the Supreme Court interprets Congress's intent as permitting courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."

*Id.* at 388. Delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225.

While there was a ten-month gap between the closing of this case and Denzel's motions, he states that he acted with the utmost speed under the circumstances. He was unaware of the dismissal of this action and did not receive notice of Plaintiff's death until February 15, 2024. (ECF No. 24 at 2, 6.) It took him two more months to find counsel. (*Id.* at 3.) And it was not until August 1, 2024, that the state court named him as the special administrator of Plaintiff's estate. (*Id.*) Therefore, even though there was a significant gap in time between the closing of this case and the present motions, the delay is understandable, and Denzel shows that he acted as quickly as possible under the circumstances. This factor weighs in favor of setting aside the prior judgment.

**4.   Bad Faith**

For the last factor, the Court examines whether Denzel acted in bad faith when he failed to respond to the Court's orders and meet its deadlines. There is no evidence that Denzel purposely acted in bad faith. On the contrary, he was unaware of the deadlines and appears to have acted as quickly as possible to reopen this case.

After considering all the *Pioneer* factors, the Court finds that they weigh in favor of reopening this case. The danger of prejudice to the opposing party is low, Denzel provided good reasons for his failure to follow the Court's order to file a motion to substitute, and, based on his explanation, he acted in good faith. Accordingly, the Court **GRANTS** his motions (ECF Nos. 24, 25) and reopens this case.

**II.   CONCLUSION**

For the foregoing reasons, it is ordered that Denzel's Motion to Set Aside Order Pursuant to Rule 60(b) (ECF No. 24) and Motion for Substitution Pursuant

to Rule 25(a)(1) (ECF No. 25) are **GRANTED**.

It is further ordered that the Clerk of the Court reopen this case and substitute "Denzel Hosea Martin, Special Administrator of the Estate of Weslie Hosea Martin" as the plaintiff in this matter.

It is further ordered that Denzel shall be allowed to pursue the claim(s) pending in this matter. This case will proceed onto the normal litigation track.

It is further ordered that the Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of the Complaint (ECF No. 8) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

It is further ordered that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that, subject to the findings of the screening order (ECF No. 7), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Denzel of: (a) the names of the Defendant(s) for whom it accepts service; (b) the names of the Defendant(s) for whom it does not accept service, and (c) the names of the Defendant(s) for whom it is filing the last-known-address information under seal.  As to any of the named Defendant(s) for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve Denzel the last known address(es) of those Defendant(s) for whom it has such information. If the last known address of the Defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

If service cannot be accepted for any of the named Defendant(s), Denzel shall file a motion identifying the unserved Defendant(s), requesting issuance of a summons, and specifying a full name and address for the Defendant(s).  For the Defendant(s) as to which the Attorney General has not provided last-known-address information, Denzel shall provide the full name and address for the

Defendant(s).

It is further ordered that, if the Attorney General accepts service of process for any named Defendant(s), such Defendant(s) shall file and serve an answer or other response to the Complaint (ECF No. 7) within sixty (60) days from the date of this order.

It is further ordered that Denzel shall serve upon Defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Denzel electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Denzel mails the document to the Court, Denzel shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendant(s) or counsel for the Defendant(s). If counsel has entered a notice of appearance, Denzel shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED THIS 4th day of November, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE